UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

AVERY DEMOND JETER, )
)
    Petitioner, ) Civil Action No. 11-114-HRW
)
V. )
)
J.C. HOLLAND, WARDEN, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Avery Demond Jeter is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Jeter has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his trial counsel was constitutionally ineffective, and that the trial court imposed a sentence contrary to law. The Court has reviewed the petition,[1] but must deny relief

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

because Jeter may not assert his claims in this habeas proceeding pursuant to Section 2241.

On June 12, 2007, Jeter was indicted by a federal grand jury seated in Spartanburg, South Carolina, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1); and use or possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Pursuant to an agreement with the government, on September 25, 2007, Jeter pled guilty to the two firearms charges in exchange for the dismissal of the drug trafficking charge. On January 15, 2009, the trial court sentenced Jeter to 262 months imprisonment on the Section 924(c) conviction and 120 months imprisonment on the Section 922(g) conviction, the sentences to run concurrently with one another. *United States v. Jeter*, No. 7:07-cr-695-GRA-1 (D.S.C. 2007).

On direct appeal, on November 4, 2009, the Fourth Circuit granted the parties' motion for consensual remand for resentencing. On February 26, 2010, the trial court sentenced Jeter to 120 months imprisonment on the Section 922(g) conviction to be followed by a consecutive term of 142 months imprisonment on the Section 924(c) conviction, again resulting in a cumulative 262-month term. The Fourth Circuit affirmed Jeter's sentence on direct appeal on February 4, 2011. *United States v. Jeter*, 407 F. App'x 678 (4th Cir. 2011). The trial court has denied both initial and

subsequent motions for relief from the judgment filed pursuant to 28 U.S.C. § 2255.

In his petition, Jeter contends that under *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), the sentence imposed for violating Section 924(c) was not required to be imposed consecutively to his sentence for violating Section 922(g)(1), because under 18 U.S.C. § 924(c)(1)(A) he was already subject to "a greater minimum sentence." [R. 1 at 5-6] He also contends that his trial counsel was constitutionally ineffective because he misunderstood the law applicable to a Section 924(c) conviction and failed to adequately investigate evidence that Jeter's possession of a firearm was not causally related to his drug trafficking activities. [R. 1 at 7-15]

The Court will deny the petition because Jeter may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality

of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Jeter's claims are based upon events which occurred during his original criminal proceedings, and thus could and should have been asserted during his trial, direct appeal, or by motion under Section 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because these claims, even if meritorious, did not

convict Jeter of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

This and other courts have reached this result with respect to the same or functionally-identical claims as those presented by Jeter here. *Rickards v. Holland*, No. 10-96-HRW, 2010 WL 4791942, at *2-3 (E.D. Ky. Nov. 17, 2010) (challenge to consecutive sentence under Section 924(c) predicated upon *Whitley* and *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010) is not cognizable in habeas petition filed under Section 2241); *Connor v. Hollard*, No. 10-104-HRW, 2010 WL 4791945, at *2-3 (E.D. Ky. 2010) (same);[2] *Mans v. Young*, 36 F. App'x 766, 767-68 (6th Cir. 2002) (ineffective assistance of counsel claim may not be pursued under Section 2241's savings clause where petitioner failed to establish any intervening change in

---

[2] Jeter's claim is not only procedurally improper but also substantively without merit. In *United States v. Abbott*, 131 S.Ct. 18, 24-27 (2010), the United States Supreme Court rejected the decisions in *Whitley* and *Almany*, and held that a defendant is subject to a mandatory consecutive sentence for a conviction under Section 924(c) unless he receives a higher mandatory minimum sentence under Section 924(c) itself, not under a different count of conviction.

the law and had prior opportunity to pursue claim in Section 2255 motion); *Dishman v. Shartle*, No. 09-321-KKC, 2010 WL 3825463, at *2 (E.D. Ky. 2010) (claims of prosecutorial misconduct and ineffective assistance of counsel may not be asserted under Section 2241); *Saint v. Stine*, No. 6:05-531-DCR, 2006 WL 197058, at *3-5 (E.D. Ky. Jan. 21, 2006). Jeter's petition will therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Jeter's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 6th day of September, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge